## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SHAWN GONZALEZ,

              Plaintiff,

  v.

GEORGE YEPES, FREDERICK DIRGA,
JUSTIN LATHROP, and MARK LEMIEUX,

          Defendants.

CASE NO. 3:19-cv-00267 (CSH)

JUNE 25, 2019

## INITIAL REVIEW ORDER

**Haight, Senior District Judge:**

Plaintiff Shawn Gonzalez, currently incarcerated at the Cheshire Correctional Center in Connecticut, has filed a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against four Middletown police officials in their individual and official capacities: Sergeant George Yepes, Detective Frederick Dirga, Detective Justin Lathrop, and Detective Mark Lemieux. Doc. 1 ("Compl.") at 2-3. Gonzalez claims that the Defendants violated his rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* at 3. For the following reason, the Complaint is dismissed.

## I.   STANDARD OF REVIEW

The Court must dismiss a complaint "in which a prisoner seeks redress from a governmental entity[,] or officer or employee of a governmental entity," that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915A(a)-(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, a complaint must

1

"must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the Court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the Court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

*Pro se* submissions "are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt *pro se* litigants from the

minimum pleading requirements described above: A *pro se* plaintiff's complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Therefore, even in a *pro se* case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the Court may not "invent factual allegations" that the plaintiff has not pleaded, *id.*

## II.   FACTUAL ALLEGATIONS

The factual allegations contained in the Complaint are recounted below, recited in the light most favorable to the plaintiff.

Defendants Sergeant George Yepes, Detective Frederick Dirga, Detective Justin Lathrop, and Detective Mark Lemieux are all employees of the Middletown Police Department in Middletown, Connecticut. Compl. at 6. The Defendants submitted two affidavits[1] on April 27, 2017 and May 30, 2017, in support of an application for a search and seizure warrant to be executed at the homes of Gonzalez's wife, Courtney Gonzalez, and that of his girlfriend, Baughnita Leary, both located in Middletown, Connecticut. *Id*. The Defendants also applied for a warrant to search a U-Haul storage unit in Middletown and for a tracking device to be placed on Courtney Gonzalez's car. *Id.* In the affidavit, the Defendants claimed that Gonzalez had been the subject of a narcotics investigation over the course of several months and that they had arranged for two confidential informants ("CIs") to purchase cocaine from Gonzalez. *Id.* The affidavit also stated that the CIs had communicated with the Plaintiff via a cellular phone that he had provided them. *Id.*

---

[1] Plaintiff does not specify which Defendants signed and submitted the affidavits.

3

The Defendants omitted several facts from their affidavits. They failed to mention how much money they had given the CIs, how much cocaine was purchased, or whether they had recorded any phone conversations between the CIs and Gonzalez. *Id.* at 7. The Defendants never sought a warrant to utilize any electronic surveillance or place a recording device on the Plaintiff's phone that he had allegedly provided to the CIs. *Id.* Instead, the affidavits were based solely on the Defendants' visual observations. *Id.* Neither informant testified at Gonzalez's criminal trial, which the government stated was to protect them from the risk of physical retaliation and to allow their assistance in future cases. *Id.*

The Defendants also provided a false statement in their affidavits. They alleged that Gonzalez was the president of a local outlaw motorcycle club known as the "Dog Pound Rydaz," which was affiliated with the "Hells Angels," "Ruthless for Life," and other outlaw gangs in the area. *Id.* at 8. Gonzalez's pre-sentence investigation report later stated that this allegation was untrue. *Id.*

On May 31, 2017, the defendants executed a search and seizure warrant at Gonzalez's wife's apartment. *Id.* Gonzalez alleges that during the search the Defendants planted 3.6 grams of cocaine in a dresser for their canine to find. *Id.* The Defendants later claimed that they found a loaded Taurus .38 Special revolver in a storage container among Gonzalez's belongings. *Id.* However, Gonzalez alleges that the revolver was not loaded, and Gonzalez had no knowledge of its presence. *Id.* at 8-9. The revolver was actually a gift to Gonzalez's wife from her uncle. *Id.* at 9. During his criminal trial, the state court did not permit Gonzalez's wife to testify on his behalf as to this fact. *Id.*

The Defendants also seized a digital scale from the basement of the apartment, which did not belong to anyone in Gonzalez's family. *Id.* at 9. They also claimed that they had found used "drug baggies," but that claim was untrue and unsupported by any fingerprint or DNA evidence. *Id.* In addition, the Defendants seized $2,661.00 from Gonzalez's wife's dresser as well as two Michael Kors watches and three motorcycles from Gonzalez. *Id.* The watches and motorcycles had all been purchased legally. *Id.* The Defendants have not returned any of the seized property. *Id.*

The same day, the Defendants executed a search and seizure warrant at the residence of Baughnita Leary, Gonzalez's girlfriend. *Id.* at 10. Leary was out of the country at the time of the search. *Id.* The Defendants broke through the door and ransacked the residence, leaving it in complete disarray. *Id.* No drugs were found in the residence, and no property was seized. *Id.* Gonzalez was arrested the same day.[2] The state also filed a civil asset forfeiture action against Gonzalez in state court for the cash and items seized from the search.[3]

---

[2] Criminal Case Detail for *State v. Gonzalez*, No. MMX-CR17-0211981-T (Conn. Super. Ct. Oct. 3, 2018), STATE OF CONNECTICUT JUDICIAL BRANCH, https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp. The Court may take judicial notice of matters of public record, including state court proceedings. *See, e.g.*, *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir.2006) ("docket sheets are public records of which the court could take judicial notice"); *Shmueli v. City of New York*, 424 F.3d 231, 233 (2d Cir. 2005) (court may take judicial notice of matters of public record, such as state prosecution of an individual); *Crowder v. Farinella*, No. 3:17-cv-1135 (VAB), 2018 U.S. Dist. LEXIS 80611, at *15 n.1 (D. Conn. May 14, 2018) ("The Court may take judicial notice of state court records.").

[3] Criminal Case Detail for *State v. Gonzalez*, No. MMX-CR17-0211981-T (Conn. Super. Ct. Oct. 3, 2018), STATE OF CONNECTICUT JUDICIAL BRANCH, https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.

On October 3, 2018, Gonzalez was convicted of sale of narcotics by a non-drug dependent person,[4] criminal possession of a pistol or revolver,[5] and risk of injury to a child.[6]  He was sentenced to twenty years of incarceration, execution suspended after twelve years, plus five years of probation.[7]  He has since appealed his convictions to the Connecticut Appellate Court.[8]  The appeal remains pending.[9]

### III.  ANALYSIS

Gonzalez claims that the Defendants' false statements and omissions in the warrant affidavits and fabrication of evidence violated his Fourth Amendment protection against unreasonable searches and seizures and his Fourteenth Amendment right to due process.  Compl. at 10-11.  He further contends that the Defendants "targeted [him] because [he] was a black man that had some nice motorcycles and gold watches,"  and caused him and his family "post-traumatic stress," thereby violating his Eighth Amendment protection against cruel and unusual punishment.  *Id.* at 10.  As discussed below, this Court lacks jurisdiction over his Fourth and Fourteenth Amendment claims, and his Eighth Amendment claim is insufficient to proceed.

---

[4]  Conn. Gen. Stat. § 21a-278(b).

[5]  Conn. Gen. Stat. § 53a-217c.

[6]  Conn. Gen. Stat. § 53-21(a)(1).

[7]  Criminal Case Detail for *State v. Gonzalez*, No. MMX-CR17-0211981-T (Conn. Super. Ct. Oct. 3, 2018), STATE OF CONNECTICUT JUDICIAL BRANCH, https://www.jud2.ct.gov/crdockets/DocketNoEntry.aspx?source=Disp.

[8]  Supreme and Appellate Court Case Detail for *State v. Gonzalez*, No. AC 42617, STATE OF CONNECTICUT JUDICIAL BRANCH, http://appellateinquiry.jud.ct.gov/AppealNoInq.aspx.

[9]  Supreme and Appellate Court Case Detail for *State v. Gonzalez*, No. AC 42617, STATE OF CONNECTICUT JUDICIAL BRANCH, http://appellateinquiry.jud.ct.gov/AppealNoInq.aspx.

### A.    Fourth and Fourteenth Amendment Claims

Construing the Complaint liberally, Plaintiff's Fourth and Fourteenth Amendment claims arise primarily from the Defendants' alleged involvement in two underlying events: (i) obtaining a search and seizure warrant unsupported by probable cause and on the basis of inaccurate information, and (ii) fabricating evidence during their search of Plaintiff's wife's apartment.[10] The Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) forecloses Gonzalez's right to relief on either claim.  However, even if Gonzalez's claims could proceed under *Heck*, they fail to state claims for which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915A.

### 1. *Heck v. Humphrey*

As a threshold matter, the Supreme Court's decision in *Heck v. Humphrey* circumscribes Plaintiff's legal right to recovery under § 1983. In *Heck*, the Supreme Court held that a cause of action under § 1983 is not cognizable where a judgment in favor of a plaintiff would necessarily implicate the validity of his conviction or length of sentence, unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." *Id.* at 487.  *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-2 (2005).  "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

---

[10]  The Court construes these allegations as a claim for violation of Plaintiff's Fourteenth Amendment right to a fair trial.  *See Garnett v. Undercover Officer C0039*, 838 F.3d 265, 278 (2d Cir. 2016).

7

demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87.

The Second Circuit has emphasized the Supreme Court's use of the adverb "necessarily," *McKitchen v. Brown*, 481 F.3d 89, 102 (2d Cir. 2007). Thus, "the mere fact that success in a § 1983 suit would make it more likely that a conviction or sentence is invalid would seem to be irrelevant to the *Heck* inquiry." *Teichmann v. New York*, 769 F.3d 821, 829 (2d Cir. 2014). In a footnote, the Supreme Court further explained that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7; *see also McKitchen*, 481 F.3d at 102; *Torres v. Town of Bristol*, No. 3:13-CV-1335 (SRU), 2015 WL 1442722, at *4 (D. Conn. Mar. 27, 2015). "Because of doctrines like independent source and inevitable discovery, and especially harmless error," a § 1983 action alleging an unreasonable search, even if successful, "would not necessarily imply that the plaintiff's conviction was unlawful." *Id.* Thus, a § 1983 claim for an unreasonable search and seizure would not be barred by *Heck* if the evidence supporting the claimant's conviction did not derive solely from the challenged search. *See Fifield v. Barrancotta*, 353 F. App'x 479, 481 (2d Cir. 2009); *Torres*, 2015 WL 1442722, at *4.

In this case, Gonzalez claims that he was convicted in state court and sentenced to twenty years "from the unlawful search and seizure and illegal conduct by each defendant." Compl. at 5. Indeed, all three of his convictions appear to stem from the allegedly unlawful search that was conducted on May 31, 2017. Gonzalez alleges that the defendants planted 3.6 grams of cocaine in his wife's apartment and falsely claimed that they had found used "drug baggies," which

presumably led to his sale of narcotics conviction.  He further alleges that the defendants lied about the discovery of the revolver found in the apartment, which presumably led to his criminal possession of a revolver and risk of injury convictions.  Thus, it appears that Gonzalez's outstanding convictions depended upon evidence that resulted from the May 31, 2017 search, which he now challenges in this action.  *See Shabazz v. Kailer*, 201 F. Supp. 3d 386, 395 (S.D.N.Y. 2016) ("The gist of the plaintiffs' claim is that they were denied a fair trial and thereby convicted based on fabricated evidence. That claim necessarily challenges each conviction."); *Smalls v. City of New York*, 181 F. Supp. 3d 178, 185 (E.D.N.Y. 2016) ("A fabrication of evidence claim, like a malicious prosecution claim, seeks to impugn the validity of the extant conviction."); *Hamilton v. City of N.Y.*, No. 15-CV-4574 (CBA) (SJB), 2019 U.S. Dist. LEXIS 56606, at *41 (E.D.N.Y. Mar. 18, 2019) ("[T]he Court concludes that Hamilton's fabrication of evidence claim would have necessarily implied the invalidity of his conviction").  The appropriate vehicle for such a challenge is not § 1983 litigation, but direct or collateral appeal.  *See Heck*, 512 U.S. at 486.

Additionally, the evidentiary circumstances contemplated in *Heck* do not appear to apply here.  Plaintiff does not contend that the doctrines of independent source, inevitable discovery, or harmless error come into play, nor are there allegations that any of the evidence at issue was not, in fact, used at trial. The Court, therefore, concludes that Gonzalez's Fourth and Fourteenth Amendment claims arising from Defendants' allegedly unlawful search are barred by *Heck*.  *See Henry v. Purvis*, 111 F. App'x 622, 623-24 (2d Cir.2004) (affirming dismissal of claims "assert[ing] that the defendants lied to obtain a search warrant, planted evidence [and] destroyed exculpatory evidence" under *Heck* where § 1983 plaintiff's criminal proceeding was pending on

appeal); *Warren v. Fischl*, 674 F. App'x 71, 72-3 (2d Cir.), *cert. denied*, 138 S. Ct. 123 (2017)

(finding that appellant's claims alleging that defendants "conspired to fabricate evidence and

testimony against him and introduced such fabricated evidence and perjury at trial," if proved,

"would demonstrate the invalidity of his conviction," and were therefore barred by *Heck*);

*Sanadze v. City of N.Y.*, 736 F. App'x 284, 287 (2d Cir. 2018) (affirming district court's holding

that *Heck* barred plaintiff's claims that, *inter alia*, defendants violated his Fourth Amendment

rights by submitting him to unreasonable search and seizure); *Hill v. Melvin*, No. 05 CIV. 6645

(AJP), 2006 WL 1749520, at *9 (S.D.N.Y. June 27, 2006), *aff'd*, 323 F. App'x 61 (2d Cir. 2009)

("When allegedly planted evidence is the basis of an arrest and criminal prosecution, a successful

judgment in a § 1983 false arrest claim would necessarily undermine the criminal proceedings,

and the claim thus does not accrue until the prosecution ends favorably for the § 1983

plaintiff."); *Black v. Blackmun*, No. 11-CV-2372, 2011 WL 6019394, at *2 (E.D.N.Y. Dec. 1,

2011) ("Because [plaintiff's] conviction [for weapons possession] hinged directly on the weapons

procured during [an] allegedly unlawful search, an award of damages would necessarily imply

the invalidity of his state court conviction."); *Kaminski v. Hayes*, No. 06-CV-1524, 2009 WL

3193621, at *6 (D. Conn. Sept. 30, 2009) (finding that *Heck* barred plaintiff's illegal search claim

because "the entire evidentiary basis for the charged offenses . . . derives from a single search

that is now being challenged as part of a section 1983 action"); *Corley v. Vance*, 2019 U.S. Dist.

LEXIS 51888, at *34 (S.D.N.Y. Mar. 27, 2019) (claims that defendants fabricated evidence

"necessarily imply that Plaintiff's underlying conviction was wrongful" and were therefore

barred under *Heck*); *Jennings v. Decker*, 359 F. Supp. 3d 196, 208–09 (N.D.N.Y. 2019) (holding

that *Heck* precluded plaintiff's illegal search claim because the evidence collected during the search was used to secure plaintiff's outstanding conviction).

2. <u>Claims Arising from Warrant Application</u>

Even if Plaintiff's Fourth and Fourteenth Amendment claims were not barred by *Heck*, his claim arising from alleged misstatements and material omissions on Defendants' warrant application must nonetheless be dismissed as substantively deficient. "Ordinarily, an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause." *Walczyk v. Rio*, 496 F.3d 139, 155-56 (2d Cir. 2007). However, in *Franks v. Delaware*, the Supreme Court held that a defendant may challenge the validity of a search warrant alleged to contain deliberately or recklessly false or misleading information. 438 U.S. 154, 164-72 (1978). A party challenging the validity of a search or arrest pursuant to a warrant must make "a 'substantial preliminary showing' that the affiant knowingly and intentionally, or with reckless disregard for the truth," made a material false or misleading statement or omission in applying for the warrant. *Calderon v. City of New York*, 138 F. Supp. 3d 593, 604 (S.D.N.Y. 2015) (quoting *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991)); *Soares v. State of Connecticut*, 8 F.3d 917, 920 (2d Cir. 1993). Every statement in a warrant affidavit need not be true, and a search warrant issued on the basis of both accurate and inaccurate allegations remains valid if, "after putting aside erroneous information and material omissions, 'there remains a residue of independent and lawful information sufficient to support probable cause.'" *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000) (quoting *United States v. Ferguson*, 758 F.2d 843, 848 (2d Cir.1985)).

Gonzalez alleges that the defendants made "false statements" and omitted crucial information in obtaining a search warrant. Specifically, he contends that the affidavits in support of the search warrant "failed to mention how much money [the defendants] had given to the informants, how much cocaine was purchased, or whether [the defendants] had recorded any phone conversations between the informants and Gonzalez," and that the Defendants "never sought a warrant to utilize any electronic surveillance or place a recording device on the plaintiff's phone that he had allegedly provided to the confidential informant." Compl. at 7. Gonzalez further alleges that an affidavit stated that he was the president of a local outlaw motorcycle club known as the "Dog Pound Rydaz," which his pre-sentence investigation report later confirmed to be untrue. *Id.*

Plaintiff has not attached the warrant or affidavits at issue to his Complaint. Nonetheless, even based on the limited information provided in the Complaint, Plaintiff has not provided any facts suggesting that the warrant used to search and seize his property was materially deficient. Probable cause for the searches is presumed because the Defendants conducted the searches pursuant to a warrant issued by a federal magistrate judge. *See Franks*, 438 U.S. at 171; *see also Tyus v. Newton*, No. 3:13-cv-1486 (SRU), 2015 U.S. Dist. LEXIS 120253, at *23-*24 (D. Conn. Sep. 9, 2015). Plaintiff is unable to overcome this presumption because there are no allegations that any Defendant intentionally or recklessly made material false statements or omissions in the warrant affidavits. The Complaint indicates that the warrant was issued following a months-long investigation of Gonzalez, including a police-supervised cocaine purchase by a pair of confidential informants. The Court has no reason to doubt that such evidence was sufficient to support the magistrate judge's finding of probable cause, and the mere fact that in *Plaintiff's*

judgment the affidavits should have included more specific details about the supervised drug purchase or additional surveillance measures does not render the warrant invalid. *See Greene v. City of N.Y.*, No. 08-cv-00243 (AMD) (CLP), 2017 U.S. Dist. LEXIS 37243, at *58-*59 (E.D.N.Y. Mar. 15, 2017) ("It is not the job of investigating officers to determine whether a suspect's guilt can be proved beyond a reasonable doubt. Nor are they required to pursue every possible avenue of investigation before making an arrest."); *United States v. Wagner*, 989 F.2d 69, 73 (2d Cir. 1993) (an "informant's participation in supervised drug purchases is powerful corroborative evidence for purposes of determining probable cause").

With respect to the allegedly false information included in the affidavit, *i.e.*, Plaintiff's affiliation with a motorcycle gang, Plaintiff does not allege that this fact was necessary or even relevant to the magistrate judge's determination of probable cause. *See United States v. Martin*, 426 F.3d 68, 73-74 (2d Cir. 2005) (a statement supporting a warrant is "material" only if "the alleged falsehoods or omissions were necessary to the [issuing] judge's probable cause finding.") *United States v. Martin*, 426 F.3d 68, 73-74 (2d Cir. 2005) (internal quotation marks and citation omitted). Indeed, the Court sees no reason that it should be, particularly in light of the seemingly compelling evidence linking Plaintiff to the crimes for which he was ultimately convicted. And, even if the warrant had contained material falsehoods or omissions, there are no allegations that any Defendant *intentionally* or *recklessly* made false statements or omitted information. Thus, the Complaint fails to state a Fourth Amendment claim arising from Defendants' procurement of the search warrant.

## B.  Additional Fourth and Fourteenth Amendment Claims

The facts alleged in Plaintiff's Complaint, construed liberally, could give rise to three additional claims under the Fourth and Fourteenth Amendment that Plaintiff does not directly assert.  None of these claims has merit.

*First*, the Complaint may be interpreted as attempting to plead claims against the Defendants for seizing certain belongings that Plaintiff contends were purchased legally.  *See* Compl. at 9.  There is a pending civil asset forfeiture action against Gonzalez in state court for the cash and items seized from the search.[11]  Gonzalez therefore has adequate state remedies available to him, and cannot collaterally assert this claim in federal court.  *See Abreu v. Romero*, No. 08 Civ. 10129 (LAP), 2010 WL 4615879, at *9 (S.D.N.Y, Nov. 9, 2010*)* (plaintiff's deprivation of property claim dismissed because of adequate state remedies with New York Court of Claims); *Smith v. O'Connor*, 901 F. Supp. 644, 647 (S.D.N.Y. 1995) ("Because plaintiff was not deprived of his property without due process of law in that he had an adequate remedy to vindicate his alleged loss, he cannot state a claim for relief under §1983 that his constitutional rights were violated." (citing *Love v. Coughlin*, 714 F.2d 207, 208-9 (2d Cir. 1983))).  Additionally, to the extent Plaintiff is asking this Court to interfere with an ongoing forfeiture proceeding, the Court must abstain.  *See Washburn v. Sherry*, No. 3:15-CV-226(RNC), 2016 WL 777890, at *3 (D. Conn. Feb. 26, 2016) ("[P]laintiff's § 1983  claim regarding the forfeited currency does not provide a basis for relief due to certain legal principles applicable to actions in federal court arising from state court proceedings." (citing *Middlesex Cty. Ethics Comm. v.*

---

[11]  *See* Superior Court Case Look-up for *State of Connecticut v. $2,661.00 in U.S. Currency, et al.*, MMX-CV17-4021188-S, STATE OF CONNECTICUT JUDICIAL BRANCH, http://civilinquiry.jud.ct.gov/CaseDetail.aspx?DocketNo=MMXCV174021188S.

*Garden State Bar Ass'n*, 457 U.S. 423, 431-32 (1982) and *Kirschner v. Klemons*, 225 F.3d 227, 233-34 (2d Cir. 2000))).[12]

*Second*, Gonzalez complains about certain aspects of his state criminal trial, including that he was not able to question the confidential informants involved in the supervised drug purchase, and that his wife was not permitted to testify at trial that the confiscated revolver was not Gonzalez's. Compl. at 7, 9. Under *Heck*, however, § 1983 does not provide a vehicle for such a challenge, which necessarily implicates the validity of Gonzalez's conviction.

*Third*, Gonzalez contends that the defendants "targeted [him] because was a black man that had some nice motorcycles and gold watches." Compl. at 9. This can be construed as a claim for violation of the Fourteenth Amendment equal protection clause. The Complaint is entirely devoid of specific factual allegations to support this conclusory assertion. Because a complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient to raise a right to relief *above the speculative level*," *Twombly*, 550 U.S. at 555 (emphasis added), Plaintiff's claims rooted in racial discrimination are dismissed in their entirety.

### C.  Eighth Amendment Claim

Gonzalez also contends that the Defendants' misconduct caused him and his family "post-traumatic stress," thereby violating his Eighth Amendment protection against cruel and unusual punishment. Compl. at 10. However, Gonzalez cannot state an Eighth Amendment claim in this context:  he was not a prisoner or otherwise in the custody of the state at the time of the alleged

---

[12]  Even if the proceedings had concluded, however, the Court is unable to review a final order of forfeiture. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

violations, and thus, the Defendants' actions did not constitute "punishment." *See Rogers v. Faucher*, No. 3:18-CV-1809 (JCH), 2019 WL 1083690, at *4 (D. Conn. Mar. 7, 2019) (pretrial detainee cannot claim Eighth Amendment violation because he has not been convicted of any crime and may not be punished in any manner - neither cruelly and unusually nor otherwise); *Ford v. New Britain Trans. Co.*, No. 3:03-CV-150 (MRK), 2005 WL 1788269, at *3 (D. Conn. July 26, 2005) (dismissing Eighth Amendment claim because plaintiff was not prisoner claiming cruel or unusual punishment at hands of prison guards); *see also Lopes v. Mayor of Pawtucket*, No. 09-263 ML, 2011 U.S. Dist. LEXIS 8666, at *17 (D.R.I. Jan. 6, 2011) (because plaintiff's claims arose from a police search of his residence while he was not incarcerated, "[p]laintiff's claims here involve actions leading up to his conviction, rather than his treatment as a convicted prisoner," and "the Eighth Amendment is inapplicable"). To the extent Gonzalez wishes to pursue a claim that the defendants intentionally or negligently caused him emotional distress in conducting their searches, he may do so in a state civil tort action, but his allegations do not give rise to an Eighth Amendment claim.

### D. Personal Involvement

Finally, all claims in the Complaint fail for the independent reason that they fail to allege personal involvement by the defendants. A plaintiff seeking relief under § 1983 must allege facts showing the defendants' personal involvement[13] in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("'It is well

---

[13] The Second Circuit has defined "personal involvement" to mean direct participation, such as "personal participation by one who has knowledge of the facts that rendered the conduct illegal," or indirect participation, such as "ordering or helping others to do the unlawful acts." *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001) (citation omitted).

settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995))). As a corollary of the personal involvement requirement, complaints that rely on "group pleading" and "fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." *Adamou v. Cty. of Spotsylvania, Va.*, No. 12-cv-7789 (ALC), 2016 WL 1064608, at *11 (S.D.N.Y. Mar. 14, 2016) (citing *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (observing that Federal Rule of Civil Procedure 8 "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests," and that a complaint fails to meet that minimum where it "lump[s] all the defendants together in each claim and provide[s] no factual basis to distinguish their conduct")); *see also Holmes v. Allstate Corp.*, No. 11-civ-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) (noting that "[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, 138 F. Supp. 3d 282, 293 (W.D.N.Y. 2015) ("Because the personal involvement of a defendant is a prerequisite to an award of damages under § 1983, a plaintiff cannot rely on a group pleading against all defendants without making specific individual factual allegations."), *vacated in part on other grounds*, 655 F. App'x 25 (2d Cir. 2016); *Thomas v. Venditto*, 925 F. Supp. 2d 352, 363 (E.D.N.Y. 2013) ("[I]t is insufficient for the plaintiffs to rely on group pleading against [these defendants] without making specific factual allegations [against them]." (internal quotation marks and citation omitted) (alterations in original)); *Leneau v. Ponte*, No. 16 CV 776 (GHW), 2018 WL 566456, at *15 (S.D.N.Y. Jan. 25, 2018) (in § 1983 cases, "complaints that rely on

group pleading and fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." (internal quotation marks and citations omitted)); *Johnson v. City of New York*, No. 1:15-CV-8195-GHW, 2017 WL 2312924, at *10 (S.D.N.Y. May 26, 2017) (dismissing § 1983 claim where plaintiff "fails to satisfy the personal-involvement requirement because she relies entirely on impermissible group pleading and fails to specify which defendant or defendants were involved"); *Rosado v. Vill. of Goshen*, No. 7:16-CV-6916 (NSR), 2019 U.S. Dist. LEXIS 55667, at *15-*16 (S.D.N.Y. Mar. 31, 2019) (dismissing plaintiff's Fourth Amendment claims for unlawful seizure where, "Plaintiff pleads general statements about Defendants as a group, such as . . . Plaintiff 'was handcuffed and taken into custody,'" but "does not identify who did what").

Here, the Complaint contains only a description of the events that allegedly transpired, with "no factual basis to distinguish" each Defendant's conduct or determine in what way each Defendant participated in the allegedly unconstitutional acts. For example, although the Complaint alleges that "the police/affiants of the Middletown Police Department made several misstatement [sic] of facts when executing the warrant," Compl. at 3, there is no description of who, in particular, conducted the search or who submitted affidavits containing the alleged misstatements of fact (nor were copies of the affidavits or warrant attached to the Complaint). Plaintiff's general references to the Middletown Police and/or affiants as a group fail to satisfy the requirement that litigants plead "precisely who did what and how such behavior is actionable under the law." *Demuth v. New York State Police*, No. 3:18-CV-0796, 2018 WL 5924605, at *4 (N.D.N.Y. Aug. 30, 2018). This provides an independent basis for dismissal of all claims without prejudice pursuant to 28 U.S.C. § 1915A. *See, e.g.*, *id.* (dismissing Fourth Amendment

claims under Section 1983 for failure to identify which defendants participated in the allegedly illegal search and who applied for and executed the allegedly unlawful warrant); *Myers v. Moore*, 326 F.R.D. 50, 60 (S.D.N.Y. 2018) (dismissing 1983 claim for failure to identify which specific defendant was involved in the acts allegedly giving rise to a constitutional violation). If Gonzalez seeks to re-assert these claims in an amended complaint, he must allege specific facts from which each Defendant's personal involvement in a constitutional violation can reasonably be inferred..

### E. <u>Leave to Amend</u>

Having concluded that all of Plaintiff's claims should be dismissed, the Court finally must consider whether it should grant him leave to amend.

"Generally, leave to amend should be freely given," and a pro se complaint in particular "should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). Whether to grant or deny leave to amend is committed to the "sound discretion of the district court," and leave may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

It does not appear that Plaintiff could plead any set of facts that would state a cognizable Eighth Amendment claim. Because amendment would be futile, this claim will be dismissed with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile where the plaintiff's complaint did not "suggest[] that the plaintiff ha[d] a claim that she has inadequately or inartfully pleaded").

The Court is skeptical that Plaintiff will be able to assert cognizable claims with respect to his remaining causes of action, which are either barred by *Heck* or lack any supporting factual allegations. Nonetheless, in recognition of Plaintiff's status as a pro se litigant and the possibility that Plaintiff could conceivably state a claim with better pleading, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Order. *See Green v. Cty. of Monroe*, 423 F. App'x 98, 99 (2d Cir. 2011) ("While we agree with the [district] court that many of Appellant's claims in his original complaint were implausible, we think that the better course of action would have been for the court to allow Appellant to file an amended complaint so that he would have had the opportunity to plead additional allegations to support his claims."). In any amended complaint, Plaintiff must clearly set forth each individual who committed each alleged wrongful act. With respect to Plaintiff's *Heck*–barred claims, Plaintiff must also plausibly allege that his conviction has been overturned, expunged, or otherwise invalidated, or that the evidence collected from the challenged search was not necessary to his conviction. If Plaintiff fails to file an amended complaint within thirty days, this case will be closed.

## IV.  <u>CONCLUSION AND ORDERS</u>

Based on the foregoing, Plaintiff's Eighth Amendment claim is dismissed with prejudice. Plaintiff's remaining claims are dismissed without prejudice subject to amendment. If Plaintiff can remedy the defects identified above, he may file an amended complaint within thirty (30) days from the date of this Order. Any such amended complaint will replace the existing Complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Elliott v. City of Hartford*, 649 F. App'x 31, 32 (2d Cir. 2016) ("[A]n amended complaint ordinarily

supersedes the original, and renders it of no legal effect.").  If Plaintiff fails to file an amended complaint within thirty days, this case will be closed.

It is **SO ORDERED**.

Signed:  New Haven, Connecticut
        June 25, 2019

*/s/ Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge